[Civ. No. 17544.   First Dist., Div. One.   Jan. 15, 1958.]

J. H. POMEROY AND COMPANY, INC. (a Corporation), Appellant, v. SOULÉ STEEL COMPANY (a Corporation), Respondent.

---

**692**

Robert E. Lee for Appellant.

Appelbaum, Mitchell & Bennett and Lewis N. Mitchell for Respondent.

BRAY, J.—Appellant applied to the superior court for an order directing arbitration, and appeals from the order denying and dismissing the petition.

### QUESTION PRESENTED

Did the "hold harmless" clause of the arbitration agreement purport to cover an action by an employee of respondent against appellant for appellant's negligence?

### FACTS

April 11, 1952, appellant, a Washington corporation authorized to do business in this state, entered into a written contract with respondent, a California corporation, for the construction by the latter of certain iron work at the Columbia Steel plant. Appellant was the general contractor and respondent the subcontractor in the work being done at the plant. May 14, 1952, one Colclasure, an employee of respondent, was injured there. He received workmen's compensation and medical treatment from respondent, his employer, through respondent's insurance carrier, Globe Indemnity Company. April 23, 1953, Colclasure filed suit against appellant alleging that his injuries were caused by appellant's negligence. In that suit a lien claim of respondent and Globe for the moneys paid Colclasure under the Workmen's Compensation Act was filed. Appellant's

insurance carrier, Glens Falls Indemnity Company, undertook the defense of that action for appellant. Glens Falls, contending that the agreement of April 11, 1952, required respondent to do so, demanded of respondent that it defend the Colclasure suit for appellant. Respondent refused. No demand to arbitrate under the contract was made by either appellant or Glens Falls during the progress of the Colclasure case. In February, 1955, appellant settled that case by paying damages to Colclasure, and to respondent's carrier Globe, the compensation paid by it to Colclasure. In 1956, for the first time, appellant demanded arbitration of its claim against respondent arising out of the Colclasure suit. Respondent refused.

### THE ARBITRATION AGREEMENT

Appellant contends that as respondent admits there was an arbitration agreement between the parties and that respondent refused to arbitrate, an order requiring arbitration should have issued. This overlooks the crux of the matter, which is, did the ''hold harmless'' clause of the arbitration agreement purport to cover the situation of a suit by an employee of respondent against appellant for appellant's negligence? ■ Whether a dispute is one of which the contract requires arbitration is one which must be determined by the court unless the agreement expressly provides that the determination of such a question is to be made by the arbitrators. It is so held in *McCarroll v. Los Angeles County etc. Carpenters*, 49 Cal.2d 45, 65-66 [315 P.2d 322]. ■ We have been referred to no provision in the agreement providing that arbitrability shall be determined by the arbitrator rather than by the court. The clause ''In case of any dispute between the parties as to the interpretation of this agreement or the performance of the same, either party may demand that the dispute be submitted to arbitration,'' is not sufficient to refer to the arbitrators a matter which a reading of the agreement shows was not included in the agreement.

■ The clause of the agreement upon which appellant relies is: ''LIABILITY FOR INJURIES AND DAMAGES: Sub-contractor [respondent] shall hold Contractor (appellant] and Owner free and harmless from any and all liability, costs and charges arising out of injuries or damage to any and all persons, employees and/or property in any way *caused by Sub-contractor [respondent], its agent or employees.*'' (Emphasis added.)

The petition for arbitration states that the controversy which it claims has arisen under the contract is as follows: Colclasure, respondent's employee, commenced an action against appellant to recover for personal injuries incurred at the Columbia plant. "Said action alleged that the said injury occurred during the course and scope of the employment of" Colclasure with respondent in work arising out of the contract between appellant and respondent; "that said injury was alleged to have been caused by a defective plank which broke and caused said LOWELL COLCLASURE to fall into a pit; that said injury occurred on premises where SOULÉ STEEL COMPANY was performing said contract and where said SOULÉ STEEL COMPANY had a duty to provide for its employees a safe working place." It appears that appellant is attempting to bring within the "hold harmless" clause of the arbitration agreement a claim made against appellant for damages for injuries caused by *appellant's own negligence.* Respondent's agreement was to hold appellant harmless from liability for damage to persons which damage was in any way caused by respondent, its agents or employees. The damage claimed in the Colclasure complaint, according to appellant's petition, was caused by a defective plank which is not alleged to have been placed there by respondent. Appellant's statement in the petition that respondent "had a duty to provide for its employees a safe working place" is not an allegation that respondent had anything to do with the defective plank. Moreover, Colclasure charged appellant with being the cause of the injury, and even if respondent were also negligent (and this is not charged) the "hold harmless" clause could not be stretched to cover appellant from damages caused by appellant's own acts. It should be noted that in respondent's answer to the petition, respondent sets forth more detail of the allegations of the Colclasure suit than appears in appellant's petition. It states that the complaint alleges that appellant "did so carelessly and negligently construct, install and maintain said walkway as to cause it to be highly dangerous for any persons, including plaintiff, to walk upon; that as a result of said carelessness" the plaintiff received his injury. Appellant in nowise denies that this is a correct representation of the allegations of the Colclasure complaint.

As the agreement did not purport to hold appellant harmless from damage caused by appellant's own acts, there was here no arbitrable dispute and respondent was well within its

rights in refusing arbitration, and the trial court properly refused to order arbitration.

In view of our decision we deem it unnecessary to discuss the other matters of defense to this proceeding raised by respondent in its affidavit.

No formal findings were filed. The minute order denying the petition stated in the language of section 1282, Code of Civil Procedure, that there was an agreement in writing to arbitrate but that there was no default in proceeding thereunder. It may be that the finding is not sufficient and therefore, under an abundance of caution and exercising the power given this court under section 956a, Code of Civil Procedure, we find that there was no default in proceeding under said agreement for the reason that the agreement does not cover an action brought by an employee of respondent against appellant for appellant's negligence.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied February 14, 1958.