Filed 1/7/15 reposted upon lifting of bankruptcy stay; modified on 1/13/15 (see end of opn.)

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELIZABETH MONTANO, | B244107 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC472230) |
| v. | |
| THE WET SEAL RETAIL, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Deirdre Hill, Judge. Affirmed in part, dismissed in part.

Sheppard, Mullin, Richter & Hampton, Ryan D. McCortney and Jason M. Guyser for Defendant and Appellant.

Scott Cole & Associates, Matthew R. Bainer and Molly A. DeSario for Plaintiff and Respondent.

_____

The Wet Seal Retail, Inc. (Wet Seal) appeals from the denial of its motion to compel arbitration of this wage and hour action brought by employee Elizabeth Montano. Wet Seal also challenges the grant of Montano's motion to compel discovery responses. We affirm the order denying the motion to compel arbitration and dismiss the challenge to the discovery order as nonappealable.

**FACTUAL AND PROCEDURAL SUMMARY**

In October 2011, Montano filed this putative class action against Wet Seal, alleging that it failed to offer all required meal and rest periods to its California non-exempt retail employees; failed to provide all regular and overtime pay when due or when employment terminated; and failed to provide accurate semi-monthly itemized wage statements, in violation of the Labor and Business and Professions Codes, Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. She brought this action on behalf of herself and, as a class action, on behalf of all persons similarly situated and damaged by the alleged conduct during the specified time period. Her complaint included a representative claim under the Private Attorneys General Act (PAGA) (Lab. Code, § 2699).[1]

Montano propounded various discovery requests to Wet Seal, which responded with objections but no substantive information. After an unsuccessful effort to meet and confer, Montano filed a motion to compel discovery responses. Before the hearing date for that motion, Wet Seal moved to compel arbitration of Montano's individual claims and to stay the action pending completion of arbitration.

Wet Seal's motion to compel arbitration was based on a "Mutual Agreement to Arbitrate Claims" (arbitration agreement) signed by Montano, which provided: "You and the Company hereby agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the parties, the termination of this Agreement or the termination of the employment relationship, that are

---

[1] All further undesignated statutory references are to the Labor Code.

2

not resolved by their mutual agreement shall be resolved by final and binding arbitration by a neutral arbitrator."[2]

Montano opposed the motion to compel arbitration on several grounds, including that the arbitration agreement was procedurally and substantively unconscionable. The unconscionability argument was based in part on the arbitration agreement's waiver of the right to bring class actions and representative PAGA actions: "The parties also waive their right to join or consolidate claims with others or to make claims with others as a representative or a member of a class or as a private attorney general. The waiver in the preceding sentence is a material or important term of this arbitration agreement. If either party initiates or joins in a lawsuit or arbitration against the other party in violation of this waiver and the waiver is found to be unenforceable for any reason by a court or arbitrator, then this entire arbitration agreement is void and unenforceable by the parties."

On March 28, 2012, the trial court heard Montano's motion to compel discovery and Wet Seal's motion to compel arbitration. The transcript reflects the parties' awareness of the trial court's tentative ruling to invalidate the arbitration agreement's PAGA waiver and sever that invalid waiver from the remainder of the arbitration agreement, which was otherwise enforceable, compel arbitration of Montano's individual claims, stay the action pending completion of arbitration, and defer Montano's motion to compel further discovery responses as moot.[3] At the conclusion of the hearing, the court took the matter under submission and indicated the final order would be sent to the parties.

---

[2] The arbitration agreement encompassed claims including but not limited to claims for wrongful termination, breach of contract, breach of any duty "owed by you to the Company or by the Company to you," any tort claim, any claim for wages or other compensation due, penalties, benefits, reimbursement of expenses, and any claim for discrimination or harassment, retaliation, violation of any federal, state or other governmental constitution, statute, ordinance or regulation (as originally enacted and as amended), including but not limited to the California Labor Code, California Civil Code, and California Wage Orders.

[3] We granted Wet Seal's motion to take judicial notice of the tentative ruling.

3

Later that day, the court issued its final order, but apparently did not send it to the parties. In that order, the court declined to sever the invalid waiver provision, stating in relevant part: "In terms of severing the PAGA waiver provision, the paragraph in which it is contained states that if the waiver is found to be unenforceable for any reason by a court, then the entire arbitration agreement is void and unenforceable by the parties. Thus, the PAGA waiver is not severable." Having determined that the entire arbitration agreement was unenforceable, the court denied Wet Seal's motion to compel arbitration. As to Montano's motion to compel discovery, the final order stated in relevant part: "The Court does not find that any of the objections have merit, and in light of its ruling on the motion to compel arbitration, the motion to compel further discovery responses is granted."

Based on the court's Civil Case Summary—which indicated that the court had adopted its tentative ruling as its final ruling—the parties mistakenly assumed that the court had adhered to its tentative decision to sever the invalid PAGA waiver, enforce the class action waiver, grant arbitration of the individual claims, stay the action, and defer the motion to compel discovery as moot. Based on this mistaken belief, the parties stipulated to the filing of a first amended complaint in which Montano would dismiss all arbitrable claims, leaving only the representative claim for civil penalties under the PAGA. The trial court approved the parties' stipulation, which erroneously stated that the court had severed the invalid PAGA waiver, enforced the class action waiver, granted the motion to compel arbitration of the individual claims, stayed the action, and deferred the motion to compel discovery as moot. With court approval, Montano filed a first amended complaint that alleged only a representative PAGA claim.

Subsequently, the parties discovered the court actually had denied the motion to compel arbitration and had granted the motion to compel discovery. Wet Seal timely appealed from the order denying the motion to compel arbitration. (Code Civ. Proc., § 1294, subd. (a).) We deferred oral argument in this case pending decisions by the

4

California Supreme Court in *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109 and *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*).[4]

## DISCUSSION

### I

Under section 2 of the Federal Arbitration Act (9 U.S.C. § 2 (FAA)), an agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." This section reflects a liberal federal policy favoring arbitration, but the savings clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." (*AT & T Mobility LLC v. Concepcion et ux.* (2011) 563 U.S. ___, 131 S.Ct. 1740, 1745–1746 (*Concepcion*).)

In *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, the California Supreme Court applied this savings clause to find grounds for revocation where the arbitration agreement between a bank and a credit card holder contained a class action waiver, finding the waiver unconscionable. "[W]hen the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party 'from responsibility for [its] own fraud, or willful injury to the person or property of another.' (Civ. Code, § 1668.) Under these circumstances, such

---

**4** As both sides agree, *Iskanian* is binding on this court. In so acknowledging, Wet Seal notes that counsel in *Iskanian* already have made known their intention to seek review of the decision by the United States Supreme Court (petition for certiorari was filed on Sept. 22, 2014, No. 14-341), and asks that we refrain from deciding this appeal until that avenue of review has been exhausted. We believe the parties are entitled to our judgment on this case, and we decline the request to stay our decision.

5

waivers are unconscionable under California law and should not be enforced." (36 Cal 4th at pp. 162–163.) Under appropriate circumstances, the Supreme Court noted, a court may refuse to enforce the class action waiver and instead order the parties to classwide arbitration. (*Id*. at pp. 172–173.)

Two years later, the California Supreme Court extended *Discover Bank* to a workplace arbitration agreement in *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*). The court held that a class action waiver in an employment arbitration agreement should not be enforced in an overtime case if the trial court concludes, based on enumerated factors, that "class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration, and finds that the disallowance of the class action will likely lead to a less comprehensive enforcement of overtime laws for the employees alleged to be affected by the employer's violations . . . ." (42 Cal.4th at p. 463.)

In *Concepcion*, *supra*, 131 S.Ct. 1740, the United States Supreme Court expressly overruled what it called the *Discover Bank* rule, which classifies most collective-arbitration waivers in consumer contracts as unconscionable and essentially allows any party to a consumer contract to demand classwide arbitration. (*Id.* at p. 1750.) "Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." (*Id*. at p. 1748.) Noting that the principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms, the court concluded that "class arbitration, to the extent it is manufactured by *Discover Bank* rather than consensual, is inconsistent with the FAA." (*Id*. at p. 1751.)

*Concepcion* did not address the *Gentry* case. Nor did it address whether California law applicable to waivers of statutory representative actions such as the PAGA, which are a means to enforce state labor laws for the benefit of the public, is preempted by the FAA. That brings us to the *Iskanian* decision, in which the California Supreme Court resolved these questions.

6

## II

*Iskanian* involved facts very similar to those in our case. The employee had entered into an arbitration agreement in which employee and employer expressly waived the right to assert class action and representative action claims against each other, in arbitration or otherwise. (*Iskanian*, *supra*, 59 Cal.4th at pp. 360–361.) The employee then sought to bring a class action lawsuit against his employer on behalf of himself and similarly situated employees for failure to compensate for overtime, meal, and rest periods. He also sought to bring a representative action under the PAGA. The Supreme Court held that *Gentry's* rule against employment class waivers is preempted by the FAA. (59 Cal.4th at p. 364.) It reached a different conclusion as to the PAGA claims.

Under the PAGA, an aggrieved employee may bring a civil action individually and on behalf of other current or former employees to recover civil penalties for Labor Code violations. (§ 2699, subd. (a).) A PAGA representative action is in the nature of a qui tam proceeding in which the employee plaintiff is authorized to file suit as the proxy or agent of the state's labor law enforcement agencies for recovery of civil penalties. (*Iskanian*, *supra*, 59 Cal.4th at pp. 380–381.) The PAGA action "'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties' (*People v. Pacific Land Research Co.* (1977) 20 Cal.3d 10, 17.)" (59 Cal.4th at p. 381.) As stated in *Arias v. Superior Court* (2009) 46 Cal.4th 969, 981, before bringing a PAGA action, the employee must first give written notice of the alleged Labor Code violation to both the employer and the Labor and Workforce Development Agency (Agency). (§ 2699.3, subd. (a).) If the Agency does not respond within the allotted time, or provides notice of its intention not to investigate, the employee may then bring a civil action against the employer. (§ 2699.3, subd. (a)(2)(A).) If the Agency investigates the matter within the allotted time, but either does not issue a citation or issues an untimely citation, the employee may commence a civil action. (§ 2699.3, subd. (a)(2)(B).) The Agency receives 75 percent of the recovered civil penalties for enforcement of labor laws and education of employers and employees; aggrieved employees receive 25 percent of the penalties. (§ 2699, subd. (i).)

In enacting the PAGA, "[t]he Legislature declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts. (Stats. 2003, ch. 906, § 1.)" (*Arias v. Superior Court, supra,* 46 Cal.4th at p. 980.)

Given that "the Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the . . . Agency by empowering employees to enforce the Labor Code as representatives of the Agency. . . . [a]n agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code. Because such an agreement has as its 'object, . . . indirectly, to exempt [the employer] from responsibility for [its] own . . . violation of law,' it is against public policy and may not be enforced. (Civ. Code, § 1668.)" (*Iskanian, supra*, 59 Cal.4th at p. 383.) "Such an agreement also violates Civil Code section 3513's injunction that 'a law established for a public reason cannot be contravened by a private agreement.' (*Ibid*.) The PAGA was clearly established for a public reason, and agreements requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." (*Iskanian, supra*, at p. 383.)

The court rejected the employer's claim that the arbitration did not violate public policy because it prohibited only representative claims, not individual PAGA claims. "[W]hether or not an individual claim is permissible under the PAGA, a prohibition of *representative* claims frustrates the PAGA's objectives. As one Court of Appeal has observed: '[A]ssuming it is authorized, a single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code. That plaintiff and other employees might be able to bring individual

8

claims for Labor Code violations in separate arbitrations does not serve the purpose of the PAGA, even if an individual claim has collateral estoppel effects. (*Arias, supra*, 46 Cal.4th at pp. 985–987.) Other employees would still have to assert their claims in individual proceedings.' (*Brown v. Ralphs Grocery Co*. (2011) 197 Cal.App.4th 489, 502, fn. omitted.)" (*Iskanian, supra*, 59 Cal.4th at p.384.)

The court then considered whether the state law rule prohibiting waiver of representative PAGA claims was preempted by the FAA. "We conclude that the rule against PAGA waivers does not frustrate the FAA's objectives because . . . the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency." (*Iskanian, supra*, 59 Cal.4th at p. 384.) "[A] PAGA claim lies outside the FAA's coverage because it is not a dispute between an employer and an employee arising out of their contractual relationship. It is a dispute between an employer and the *state*, which alleges directly or through its agents—either the Agency or aggrieved employees—that the employer has violated the Labor Code." (*Id*. at pp. 386–387.)[5]

### III

As we have discussed, the waiver provision in the arbitration agreement provides: "The parties also waive their right to join or consolidate claims with others or to make claims with others as a representative or a member of a class or as a private attorney general." Under *Iskanian*, Montano's purported waiver of her right to bring a

---

[5] We recognize that several federal district courts in this state have found PAGA waivers to be enforceable under the FAA and *Concepcion.* (*Ortiz v. Hobby Lobby Stores, Inc.* (E.D. Cal. 2014) ___ F.Supp.3d ___, ___ [listing unpublished district court cases in which PAGA waivers were found to be enforceable].) However, "'[d]ecisions of the lower federal courts interpreting federal law, although persuasive, are not binding on state courts. [Citation.]' (*Raven v. Deukmejian* (1990) 52 Cal.3d 336, 352.)" (*People v. Zapien* (1993) 4 Cal.4th 929, 989.) Until the United States Supreme Court resolves this issue, we are bound to follow the California Supreme Court's decision in *Iskanian* that PAGA waivers are invalid under state law. (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; see 9 Witkin, Cal. Proc. (5th ed. 2008) Appeal, § 492, p. 551.)

representative action under the PAGA cannot be enforced. (*Iskanian, supra*, 59 Cal.4th at p. 383.)

Based on its determination that the PAGA waiver was invalid, the trial court applied the arbitration agreement's nonseverability provision. Based on that provision, the trial court declared the entire arbitration agreement was void and unenforceable.[6] On appeal, Wet Seal does not challenge the trial court's application of the nonseverability provision. We conclude that Wet Seal's motion to compel arbitration was properly denied.

## IV

Finally, we turn to the portion of the order granting Montano's motion to compel further discovery responses. Wet Seal asserts the trial court should not have reached the merits of the discovery motion while its motion to compel arbitration was "undetermined."

Wet Seal relies on Code of Civil Procedure section 1281.4, which provides that while a motion to compel arbitration is "undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, *stay the action or proceeding until the application for an order to arbitrate is determined* and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate . . . ." (Italics added.) Wet Seal argues that an application for an order to arbitrate is "undetermined" for purposes of section 1281.4 until the completion of the appeal from the denial of that application.

In support of this proposition, Wet Seal cites this court's language in *Smith v. Superior Court* (1962) 202 Cal.App.2d 128: "The order denying the petition to compel arbitration is an appealable order (Code Civ. Proc., § 1294, subd. (a)), and *until determination upon appeal 'such application is undetermined' within the meaning of*

---

[6] As previously discussed, the nonseverability clause provides that the waiver provision "is a material or important term of this arbitration agreement. If either party initiates or joins in a lawsuit or arbitration against the other party in violation of this waiver <u>and</u> the wavier is found to be unenforceable for any reason by a court or arbitrator, then this entire arbitration agreement is void and unenforceable by the parties."

10

*section 1281.4.* (Code Civ. Proc. § 1049.)"[7] (202 Cal.App.2d at p. 131, italics added.) However, *Smith* has never been cited for this proposition in a published decision. We rejected the proposition in *Berman v. Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385. In *Berman*, as in this case, the defendant had appealed the order denying a motion to compel arbitration. Claiming that the trial court should have stayed the action, the defendant filed a petition for writ of prohibition. In denying that petition, we stated the trial court had no obligation to stay the action under Code of Civil Procedure section 1281.4, because "[o]bviously, the request for a stay of proceedings falls with the denial of arbitration." (222 Cal.App.2d at p. 390.)

In this case, the court denied the motion to compel arbitration and granted the motion to compel further discovery responses on the same date. When the court ruled on the discovery motion, the motion to compel arbitration was no longer pending, and the request for arbitration had been denied. The court thus had no obligation to stay the action under Code of Civil Procedure section 1281.4. (*Berman v. Renart Sportswear Corp.*, *supra*, 222 Cal.App.2d at p. 390.)

Wet Seal recognizes that it has a more fundamental problem. A trial court order is appealable only when made so by statute. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) There is no statutory provision for appeal of an order compelling discovery. (See *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432; Code Civ. Proc., § 904.1.) Wet Seal urges us to treat the appeal as a petition for mandate and reach the merits through a writ proceeding. It argues that a writ proceeding is appropriate because, in light of the trial court's tentative ruling to compel arbitration and stay the action, it had no reason to argue the merits of a discovery motion that, according to the tentative ruling, was moot.

---

[7] Code of Civil Procedure section 1049 provides that "[a]n action is deemed to be *pending* from the time of its commencement until its final determination upon appeal . . . ." (Italics added.) The word "pending" does not appear in Code of Civil Procedure section 1281.4.

We are not persuaded by this argument, particularly in light of counsel's remarks at the March 28 hearing. By stating *"if Your Honor affirms the tentative . . ."* Wet Seal's counsel acknowledged the court's right to change its tentative ruling. (Italics added.) And Montano's counsel encouraged the court to exercise that right, by arguing the discovery motion was not moot in light of Montano's intention to pursue her representative PAGA action.

There is no requirement for a trial court to issue a tentative ruling, or to announce its final ruling before taking a matter under submission. We find no support in the record for Wet Seal's claim of a due process violation, which was mentioned for the first time at oral argument in this court. Finding no basis to treat the appeal from the nonappealable order as a petition for writ of mandate, we conclude that this portion of the appeal must be dismissed.

## DISPOSITION

The portion of the appeal seeking review of the nonappealable order granting discovery is dismissed. In all other respects, the order is affirmed. The parties are to bear their own costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>


                                        EPSTEIN, P. J.

We concur:



WILLHITE, J.



MANELLA, J.


12

Filed 1/13/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELIZABETH MONTANO, | B244107 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC472230) |
| v. | ORDER MODIFYING OPINION |
| THE WET SEAL RETAIL, INC., | [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:*

It is ordered that the opinion filed on January 7, 2015 in the above-entitled matter, is modified as follows:

On Page 11, footnote 7 is to be deleted.

There is no change in judgment.

_____

*EPSTEIN, P. J.                    WILLHITE, J.                    MANELLA, J.