Filed 1/20/21  Woodie v. AER Electronics, Inc. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAYMOND WOODIE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>AER ELECTRONICS, INC., et al.,<br><br>        Defendants and Respondents. | A159317<br><br>(Alameda County<br>Super. Ct. No. RG18892555) |

Raymond Woodie appeals from an order denying his motion to declare his arbitration agreement (Agreement) with former employer AER Electronics, Inc., void and unenforceable because it purports to waive his right to bring a representative action under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.) (PAGA).  We reverse.  The Agreement includes a nonseverable class action waiver that, by its plain language, encompasses representative claims under PAGA that cannot be waived.  It is therefore void and unenforceable.

**BACKGROUND**

Woodie filed a putative class action against AER Electronics, Inc., AER Worldwide Holdings, LLC, and AER Management Services, Inc. (jointly, AER), under the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) (UCL), alleging numerous violations of California wage and hour laws.  In response, AER moved to compel arbitration pursuant to the Agreement.

1

Following procedural twists and turns not relevant to this appeal, Woodie moved the trial court to declare the Agreement unenforceable because it contains a nonseverable class action waiver that unlawfully waived his right to bring a PAGA action. The class action waiver provision states: "[T]here will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action or as a class member in any purported class, collective action or representative proceeding ('Class Action Waiver'). Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action." (Boldface omitted.)

The trial court rejected Woodie's contention that the waiver encompassed PAGA claims: "Because the Arbitration Agreement does not mention PAGA, . . . it is at worst ambiguous whether the phrase 'representative action' is intended to encompass *qui tam* actions brought under PAGA. Given an ambiguity, '[a]n interpretation which gives effect is preferred to one which makes void.'" The court therefore construed the class action waiver to exclude PAGA actions and ruled that the clause and, with it, the Agreement were enforceable.

This appeal is timely.

## DISCUSSION

We first clarify what is not contested in this appeal. It is undisputed that agreements that purport to waive an employee's right to bring a PAGA action are unlawful and unenforceable. As the Supreme Court explained in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), "the Legislature's purpose in enacting the PAGA was to augment the limited enforcement capability of the [Labor and Workforce Development]

2

Agency by empowering employees to enforce the Labor Code as representatives of the Agency. Thus, an agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code. Because such an agreement has as its 'object, . . . indirectly, to exempt [the employer] from responsibility for [its] own . . . violation of law,' it is against public policy and may not be enforced." (*Id.* at p. 383; *Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 622; *Montano v. Wet Seal Retail, Inc.* (2015) 7 Cal.App.5th 1248, 1256–1257 (*Montano*).) Moreover, " ' "a law established for a public reason cannot be contravened by a private agreement." ' " (*Iskanian*, at pp. 382–383, quoting *Armendariz v. Foundation Health Psychare Services, Inc.* (2000) 24 Cal.4th 83, 100.)

Nor does AER dispute that the waiver provision is explicit and in plain language nonseverable. Therefore, a finding that it is unenforceable invalidates the Agreement in its entirety.[1] (*Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109 (*Securitas*).) *Securitas*, addressing a nearly identical nonseverability clause, explains: "The dispute resolution agreement . . . is not divisible, but presents an all-or-nothing proposition: when [an] employee asserts class, collective or representative claims, either the employee forgoes his or her right to arbitrate such claims, [*sic*] or the entire agreement is unenforceable and the parties must resolve their disputes in superior court." (*Id.* at pp. 1125, 1126.)

The only question for us is whether the court erred when it found that PAGA claims are not within the scope of AER's class action waiver. Well-

---

[1] It is therefore irrelevant that Woodie did not plead a PAGA claim. The determinative question is the validity of the Agreement, not the allegations of the complaint.

settled principles control our inquiry. "We interpret the arbitration agreement as we would any other contract. ' "The fundamental rule is that interpretation of . . . any contract . . . is governed by the mutual intent of the parties at the time they form the contract. [Citation.] The parties' intent is found, if possible, solely in the contract's written provisions. [Citation.] 'The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" [citation], controls judicial interpretation.' [Citation.] If a layperson would give the contract language an unambiguous meaning, we apply that meaning." ' [Citation.] 'We review the scope of an arbitration provision de novo when, as here, that interpretation does not depend on conflicting extrinsic evidence.' " (*Kec v. Superior Court* (2020) 51 Cal.App.5th 972, 978 (*Kec*); *Securitas, supra*, 234 Cal.App.4th at pp. 1116–1117 [de novo review].)

Since the parties here presented no conflicting extrinsic evidence on the meaning of the class action waiver, we will independently review the contractual language to determine whether it encompasses PAGA claims. Although the provision does not specifically identify or name claims brought under PAGA, it expressly encompasses "*any* dispute" that is brought "as a class, collective *or representative* action . . . ." (Boldface omitted, italics added.) By their very nature, actions brought under PAGA are representative actions. "All PAGA claims are 'representative' actions in the sense that they are brought on the state's behalf. The employee acts as ' "the proxy or agent of the state's labor law enforcement agencies" ' and ' "represents the same legal right and interest as" ' those agencies—' "namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." ' " (*ZB, N.A. v.*

4

*Superior Court* (2019) 8 Cal.5th 175, 185, quoting *Iskanian, supra*, 59 Cal.4th at p. 380.)

The Supreme Court in *Iskanian* and, more recently, the Fourth Appellate District in *Kec* recognized that waivers of "representative actions" encompass actions brought under PAGA. (*Iskanian, supra*, 59 Cal.4th at p. 378 ["There is no dispute that the contract's term 'representative actions' covers" PAGA claims]; *Kec, supra*, 51 Cal.App.5th at p. 978; see *Davis v. TWC Dealer Group, Inc.* (2019) 41 Cal.App.5th 662, 675 [provision barring " 'any attempt . . . to file or join other employees in a class, collective or joint action or arbitration' " could be read to preclude PAGA actions].) So even though the class action waiver here " 'does not mention PAGA,' " as AER observes, its attempted waiver of any "representative action" encompasses PAGA claims. Interpreted in accord with standard rules of contract interpretation, the Agreement is not ambiguous on this point.

Alternatively, AER cites *Iskanian, supra*, and *Marenco v. DirecTV LLC* (2015) 233 Cal.App.4th 1409 to argue the Agreement is enforceable as to Woodie's UCL claims even if the waiver provision is unlawful to the extent it encompasses PAGA claims. "If a 'representative action [waiver] is unlawful,' " they maintain, "*Iskanian* and *Marenco* would have found the arbitration agreements unenforceable in total. Because they did not, representative action waivers are enforceable and [Woodie's] arguments to the contrary are without merit."

This argument overlooks a critical distinction. Unlike the arbitration agreements in *Iskanian* and *Marenco*, AER's Agreement explicitly prohibits severance of the class and representative action waiver from the arbitration agreement. Selective enforcement of the class waiver provision to nullify its application to representative PAGA actions but not to Woodie's UCL claims

5

would "amount[] to an attempt to unilaterally modify the contract provision by allowing its severance" in violation of the clear contractual language. (*Kec, supra*, 51 Cal.App.5th at p. 980; see *Securitas, supra*, 234 Cal.App.4th at p. 1126; see also *Montano, supra*, 7 Cal.App.5th at p. 1258.) The trial court in effect did just that and erred when it construed "representative" actions to exclude representative actions brought under PAGA.

## DISPOSITION

The order is reversed. The matter is remanded, and the superior court is directed to enter a new order granting Woodie's motion to declare the Agreement void and unenforceable.

_____
Siggins, P. J.

WE CONCUR:


_____
Fujisaki, J.


_____
Jackson, J.


A159317/*Woodie v. AER Electronics, Inc.*

7