Filed 5/6/25  Geng v. Superior Court CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YAO GENG,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF ORANGE COUNTY,<br><br>    Respondent;<br><br>SHASHA WANG,<br><br>    Real Party in Interest. | G063825<br><br>(Super. Ct. No. 30-2022-01242154)<br><br>O P I N I O N |

Original proceedings; petition for writ of mandate to challenge an order of the Superior Court of Orange County, Nick A. Dourbetas, Judge. Petition granted in part and denied in part. Motion to Dismiss. Denied.

Liu Law Firm and Long Z. Liu for Petitioner.

No appearance for Respondent.

YK Law and Vahe Khojayan for Real Party in Interest.

\*　　\*　　\*

Petitioner Yao Geng appeals from a pretrial discovery order deeming requests for admissions propounded on him by real party in interest Shasha Wang (the RFAs) admitted and awarding monetary sanctions to Wang in the amount of $1,560, pursuant to Code of Civil Procedure section 2033.280, subdivision (c).[1] Wang moved to dismiss the appeal on the ground the discovery order from which Geng appealed is not an appealable order. We agree but exercise our discretion to treat the appeal as a petition for writ of mandate.

We conclude the trial court erred in deeming the RFAs admitted based on its conclusion that the preliminary statement and general objections included in the verified responses attached to Geng's opposition to the motion rendered them not in substantial compliance with section 2033.220. The proper remedy for Geng's late responses (in addition to the waiver of his objections that resulted by operation of law) was monetary sanctions equal to the reasonable amount of attorney fees and costs incurred by Wang in bringing the motion. We therefore issue a peremptory writ of mandate commanding the trial court to vacate that portion of its order deeming the RFAs admitted and to issue an order denying Wang's motion to deem the RFAs admitted. We deny the petition as to the monetary sanctions award, which shall stand.

---

[1] All further statutory references are to the Code of Civil Procedure.

2

FACTUAL AND PROCEDURAL HISTORY

The underlying case involves a dispute between former spouses regarding a residential property. Wang claims to be the owner of the property and seeks to establish her ownership of the property and recover damages from Geng, including rent he allegedly collected from tenants living at the property but failed to pay to Wang.

On June 22, 2023, Wang propounded the RFAs to Geng asking him to admit various facts relating to the property.[2] When Geng failed to timely respond to the RFAs, Wang moved for an order deeming the RFAs admitted and for an award of monetary sanctions in the amount of $3,060. On December 19, 2023, prior to the hearing on Wang's motion, Geng served an opposition to the motion that attached verified responses denying all of the RFAs.

On February 2, 2024, the trial court granted Wang's motion to deem the RFAs admitted and awarded monetary sanctions to Wang in the reduced amount of $1,560. The order stated:

"Defendant Yao Geng is deemed to [have] admitted plaintiff's requests for admissions, Set No. 2. The copy of the responses attached to defendant's opposition fail to substantially comply with Calif. Code of Civil Procedure, section 2033.220. (See Code Civ. Proc. § 2033.280.) Specifically, the responses contain an improper preliminary statement and objections,

_____

[2] Among other things, the RFAs ask Geng to admit the following facts: (1) he did not contribute any funds to the purchase of the property and has not paid the mortgage payments and property taxes (RFA Nos. 14, 27–28); (2) he intended the property to be Wang's separate property (RFA No. 22); (3) the property is generating rental income (RFA Nos. 25–26); and (4) he has not given any of the rental income he has collected to Wang since the inception of the case (RFA No. 29). The RFAs also included several requests relating to other properties.

notwithstanding the fact that all objections were waived by virtue of defendant's failure to timely serve responses to the requests for admissions."

Geng filed a notice of appeal on February 20, 2024.

DISCUSSION

I.

APPEALABILITY

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) A reviewing court has jurisdiction only of an appeal from a judgment or order made expressly appealable by statute. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "Unless an order is expressly made appealable by a statute, this court has no jurisdiction to consider it." (*Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 903.)

Wang filed a motion to dismiss the appeal on the ground the order is not appealable. We agree the order is not appealable.[3]

---

[3] Under section 904.1, an appeal may be taken from "an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)" (*id.*, subd. (a)(11)) or "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)" (*id.*, subd. (a)(12)). There is no statutory right to appeal from a prejudgment discovery order. (*Montano v. Wet Seal Retail, Inc.* (2015) 7 Cal.App.5th 1248, 1259; *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432. ) Instead, discovery orders are appealable as part of an appeal from a final judgment. (*Hanna v. Little League Baseball, Inc.* (2020) 53 Cal.App.5th 871, 875, fn. 6; *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1060.)

In light of the circumstances here, however, we opt to treat the appeal as a petition for writ of mandate and deny Wang's motion to dismiss the appeal. "An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate . . . ." (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366.) "A writ of mandate is the proper remedy to review discovery orders and procedures." (*Palay v. Superior Court* (1993) 18 Cal.App.4th 919, 925, disapproved on other grounds in *Williams v. Superior Court* (2017) 3 Cal.5th 531.) We conclude that issuance of the writ is warranted in this case. Whether Geng's responses to the RFAs substantially complied with section 2033.220 is a question of law and has been fully briefed. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401.) Additionally, the record is adequate to consider the issues, and there is no indication the trial court would be more than a nominal party. (*H. D. Arnaiz, Ltd. v. County of San Joaquin*, *supra*, at p. 1367.) If we were to dismiss the appeal, the ultimate reversal of the order would be inevitable. The RFAs go to the ultimate facts in the case, the admission of which undoubtedly will prevent Geng from defending (or fully defending) the case on the merits. Accordingly, judicial economy would not be served by deferring resolution of the issue until final judgment.

## II.

### THE TRIAL COURT ERRED IN DEEMING THE RFAS ADMITTED

"We generally review an exercise of statutory authority on discovery issues for abuse of discretion [citation], but where material facts are undisputed, we review the interpretation of an authorizing statute de novo." (*Katayama v. Continental Investment Group* (2024) 105 Cal.App.5th 898, 904 (*Katayama*).)

As stated previously, the RFAs sought admissions of the key facts at issue in the case. Prior to the hearing on Wang's motion to deem the RFAs admitted, Geng attached to his opposition verified responses to the RFAs that denied every request without objection. The trial court found the responses did not substantially comply with the statute because they included a preliminary statement, as well as general objections that already had been waived. (See § 2033.280, subd. (a) [failure to serve a timely response results in a waiver of all objections to the requests].) As a different panel of this court recently concluded, that was error. (*Katayama, supra,* 105 Cal.App.5th at p. 901.)

The presence of waived objections in a proposed response governed by section 2033.280, subdivision (c) does not necessarily prevent "'substantial compliance with Section 2033.220.'" (*Katayama, supra,* 105 Cal.App.5th at p. 901.) Here, as in *Katayama*, if Geng's "objections are ignored, it is clear his substantive answers were far more 'complete and straightforward' than not." (*Id.* at p. 908.) Every one of Geng's responses were denials, without qualification and without objection. We disagree with Wang's argument that the preliminary statement was akin to objections that disclaim an ability to comprehend the requests, which may "justify a conclusion that the response was not as complete and straightforward as reasonably possible." (*Id.* at p. 909 , fn. 14.) To the contrary, at most, the preliminary statement was an attempt to leave open the possibility Geng may seek to amend the responses should additional facts come to light. Similarly, Geng's general objections, which (like the preliminary statement) were not incorporated into each of his subsequent responses, were focused on relevance, privacy, and privilege and were not "aimed at the form of the underlying requests for admission." (*Ibid.*)

6

Under the circumstances, Geng's responses substantially complied with section 2033.220, and monetary sanctions equivalent to the amount of reasonable attorney fees and costs Wang incurred in having to bring the motion were sufficient to address Geng's failure to timely serve his responses. Moreover, deeming the RFAs admitted was contrary to the Legislature's enactment of a graduated system of discovery sanctions (see *Katayama, supra*, 105 Cal.App.5th at pp. 905–906), as well as the policy of this state to have cases heard on the merits (see *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 983).

Wang's argument that the responses did not substantially comply with the statute because Geng did not separately serve them but merely attached them to the opposition to the motion is unavailing. Wang acknowledged receipt of the responses to the RFAs in her reply to the opposition. And, even assuming Wang were correct that the responses should have been separately served to be effective, the trial court could have addressed that issue simply by ordering service within a reasonable time, rather than deeming the RFAs admitted.

III.

THE TRIAL COURT'S SANCTIONS AWARD WAS NOT AN ABUSE OF DISCRETION

"The propriety of a discovery sanction is ordinarily reviewed using the abuse of discretion standard." (*In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 907.) Geng contends the trial court erred in awarding monetary sanctions to Wang when it granted the motion to deem the RFAs admitted. We disagree.

The award of monetary sanctions under the circumstances here was mandatory pursuant to section 2033.280, subdivision (c). Further, Geng failed to show the trial court abused its discretion in setting the amount of

7

the sanctions. Wang requested an award of $3,060, and the court awarded $1,560. Wang's motion was supported by a declaration from counsel describing the time and costs expended in bringing the motion, which totaled $3,060. The court's award was approximately half of the amount requested. We find no abuse of discretion.

## DISPOSITION

Let a peremptory writ of mandate issue commanding the trial court to vacate its order deeming Wang's second set of requests for admissions admitted and to issue an order denying Wang's motion to deem the second set of requests for admissions admitted. The petition is denied as to the monetary sanctions award in the amount of $1,560, which shall stand. In the interests of justice, each side shall bear its own costs on appeal.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.

8