[Civ. No. 27537.   Second Dist., Div. Four.   Nov. 18, 1963.]

JACK BERMAN, Plaintiff and Respondent, v. RENART SPORTSWEAR CORPORATION, Defendant and Appellant.

Selvin & Cohen and Saul Cohen for Defendant and Appellant.

Neiman & Sieroty and Allen I. Neiman for Plaintiff and Respondent.

KINGSLEY, J.—Plaintiff sued appellant, two individuals, and a number of fictitious defendants. His amended complaint alleged, in general, that plaintiff was in partnership with the two individual defendants, that such partnership had an oral agreement with appellant to act as its sales representative for a one year period beginning on October 31, 1962, and that appellant and the two individual defendants had unlawfully excluded plaintiff from the partnership affairs and from the agency.

The first three causes of action are against the alleged copartners only, seeking dissolution of the partnership, an accounting and damages; the fourth and fifth causes of action are against all three named defendants, seeking damages in tort for interference with business expectations; the sixth cause of action is against appellant only, alleging breach of the alleged oral agency agreement; the seventh, also against appellant only, seeks declaratory relief and judicial interpretation of the alleged oral agency agreement. The complaint alleges an earlier, written agreement, expiring on October 31, 1962, which agreement contained an arbitration clause, and alleges, also, that appellant had, in writing, denied the alleged oral agreement.

The allegations of the declaratory relief cause of action are that appellant, while denying any agency agreement for the period after October 31, 1962, contends (a) that if there be such an oral agency agreement it was· in the form of an oral extension. of the earlier written agreement and (b) that such oral extension included the arbitration clause of the earlier

written agreement.[1] Plaintiff alleges that he denies both of these conditional contentions of appellant.

In this state of the case, appellant, without answering the complaint, filed its petition to stay proceedings and for an order directing arbitration. The petition set forth the original written agreement and its arbitration clause and then alleged that "A controversy has arisen between the plaintiff and petitioner, arising out of said agreement and certain *alleged* extensions or renewals thereof." (Italics added.)

The trial court denied the petition, placing its ruling on the ground that appellant had not admitted the existence of the agreement to arbitrate on which it relied. Appellant has appealed from "the order denying said defendant's Petition for Order to Compel Arbitration and said defendant's Motion for Order to Stay Further Proceedings."

## I

The order denying the petition for arbitration is appealable. In *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116 [199 P.2d 668], the Supreme Court held that, while an order denying arbitration, made in a special proceeding under the arbitration statute, was appealable under section 963 of the Code of Civil Procedure as a final judgment, an order such as that herein involved, made in response to a request for arbitration interposed against a complaint for breach of contract, was interlocutory and not appealable. However, the *Sjoberg* case was decided prior to the 1961 revision of the Arbitration Act, and at a time when that act provided for appeals only from "an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award." The present statute, in force at the time of the instant proceedings, provides, in section 1294 of the Code of Civil Procedure:

"An aggrieved party may appeal from:

"(a) An order dismissing or denying a petition to compel arbitration. . . ."

In *Smith* v. *Superior Court* (1962) 202 Cal.App.2d 128 [20 Cal.Rptr. 512], this court stated (although without discussion and without reference to the *Sjoberg* case) that an order such as is herein involved was appealable under the present statute. However, the decision in the *Smith* case to deny a

[1]The arbitration clause in the written contract read as follows: "In the event of any dispute arising out of this agreement, the parties agree to submit such dispute to arbitration in New York City pursuant to the rules and regulations of the American Arbitration Association."

writ of prohibition rested not on the ground of appealability of the order denying arbitration but on a determination that no arbitrable dispute existed. We have reviewed the question on the present appeal and conclude that the order is appealable under the present law. The order is as interlocutory as it was before 1961; but the decision to make interlocutory orders appealable or not is legislative and the present language seems too clear for doubt. (Cf. Feldman, *Arbitration Modernized—The New California Arbitration Act* (1961) 34 So.Cal.L.Rev.413, 439.)[2]

█ We conclude that the order denying a stay of proceedings is also before us. The granting of such a stay, as an incident to an arbitration, is provided for in the act. (Code Civ. Proc., §§ 1281.4, 1292.8.) We are directed in section 1294.2 to review, on an appeal under section 1294, "the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party." It is clear that, although the order denying a stay is not appealable itself, since it is interlocutory in nature and not expressly made appealable by any language in section 1294, it "affects the order ... appealed from" and "substantially affects the rights" of appellant, and, thus, is reviewable on the appeal from the order denying arbitration.

## II

### *The order denying arbitration was correct.*

█ A party can be compelled to submit a dispute to arbitration only where he has contracted in writing so to do. (Code Civ. Proc., §§ 1281 and 1281.2.) While the statute provides that a " '[w]ritten agreement' shall be deemed to include a written agreement which has been extended or renewed by an oral or implied agreement" (Code Civ. Proc., § 1280, subd. (f)), the existence of such an oral extension is still an essential prerequisite to arbitration. █ The California courts have held that, where the existence of an arbitration contract is admitted or found, it is for arbitrators and not the courts to resolve any doubts as to its meaning and extent (*Posner* v. *Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169 [14 Cal.Rptr. 297, 363 P.2d 313]; *O'Malley* v. *Wilshire*

---

[2]That such was the intent of the draftsman is indicated by his report to the California Law Revision Commission, transmitted by the commission to the Legislature (Cal. Law. Rev. Com. Recommendation and Study relating to Arbitration (1960) p. G-60).

*Oil Co.* (1963) 59 Cal.2d 482 [30 Cal.Rptr. 452, 381 P.2d 188]); and we held in *Swift-Chaplin Productions, Inc.* v. *Love* (1963) 219 Cal.App.2d 110 [32 Cal.Rptr. 758] that it was for the arbitrator and not for the court to determine whether or not a request for arbitration must be made prior to the expiration of the contract. But nothing in either statute or case law has departed from the basic rule that the existence of *some* agreement to arbitrate must be found by the court before it may proceed to direct an arbitration. In fact, a determination that a written "agreement to arbitrate the controversy exists" is an express statutory prerequisite to an order such as was here sought. (Code Civ. Proc., § 1281.2.)

A right to arbitration may be waived. (Code Civ. Proc., § 1281.2, subd. (a).) It is waived by bringing suit on the basic contract itself without seeking arbitration (*Case* v. *Kadota Fig Assn.* (1950) 35 Cal.2d 596 [220 P.2d 912]); and it is waived by a repudiation or denial of the contract in which the arbitration clause is contained. (*Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213 [30 Cal.Rptr. 719].)

In the instant case, both parties admit the existence of the written agency contract for the period ending October 31, 1962, with its arbitration clause above quoted. But no claim is made that that contract was breached, or that there is any dispute concerning it. The record before the trial court, and before us, shows a positive allegation by plaintiff that appellant had denied the existence of the oral agreement involved and such allegation was supported by the attachment to the complaint of what is alleged to be a photographic copy of appellant's letter to this effect. This allegation has never been denied by appellant. Its petition for arbitration did not allege any extension of the original written contract, but merely set forth that there were "alleged" extensions or renewals thereof. This is not enough. Appellant must take a positive position, in the trial court, as to the several allegations of the complaint. Until it does so, neither the trial court, nor we, can determine whether or not a contract to arbitrate exists, and whether or not appellant denies the sundry allegations of misconduct which plaintiff has attributed to it. If, after appellant has answered the complaint, the trial court finds, either on a new petition under sections 1281.2 and 1281.4 of the Code of Civil Procedure, or by trial of the declaratory judgment count of the complaint, that a contract containing an arbitration clause does exist, an order

for arbitration and a stay may well be proper.[3] But appellant's application was premature and, in the present state of the pleadings, properly denied. Obviously, the request for a stay of proceedings falls with the denial of arbitration.

The order is affirmed, without prejudice to further proceedings consistent with this opinion.

Burke, P. J., and Jefferson, J., concurred.

---

[3]Since the point was raised before us, we add that, if the existence of a contract to arbitrate is found, it would, under the cases above cited, be for the arbitrators to decide how many of the issues tendered by the fourth, fifth and sixth causes of action are within the scope of that contract.