[Civ. No. 622. Fifth Dist. Mar. 17, 1966.]

GORDON W. COOK et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; HOUSTON-CALIFORNIA INVESTMENT CORPORATION et al., Real Parties in Interest.

Leon J. Garrie for Petitioners.

No appearance for Respondents.

Murray M. Chotiner, Edmond Gattone, Loeb & Loeb, Robert H. Holtzman, Ernest J. Gekas, John R. Engman, Everett H. Aspenson, J. Roger Gelsinger and Thomas L. Jensen, Jr., for Real Parties in Interest.

STONE, J.—This action is before us on a petition for a writ seeking review of Orange County Superior Court orders directing arbitration and staying further proceedings until the completion of arbitration, an order by the Superior Court of Los Angeles County staying proceedings until "releases are obtained in Orange County cases," and a subsequent order releasing one action from the stay.

Petitioners, owners of real property in Signal Hill, Los Angeles County, proposed to construct a convalescent hospital. After some preliminary negotiating, they entered into an agreement with Houston-California Investment Corporation (Houston) for the preparation of plans and specifications, and a separate agreement for financing. Changes were thereafter made in plans and specifications, estimated building costs were increased, and a financing agreement was finally arranged with a Glendale savings and loan association.

Petitioners, as owners, and Houston and MacDonald Construction Company (MacDonald), as contractors, then entered into a construction agreement for completion of the hospital. The Union Bank of Los Angeles replaced the savings and loan association as the financing agency. The contractors secured an indemnity bond from The Travelers Indemnity Company, as surety, guaranteeing performance to petitioners and also to Union Bank.

Controversies arose between the parties as to each progress payment, and when payments four and five became due neither Union Bank nor the job architect would approve them because Houston and MacDonald failed to provide invoices, receipted bills or other evidence of payments for construction items. Petitioners threatened to terminate the construction agreement with Houston and MacDonald, alleging numerous violations. In turn, MacDonald catalogued and notified the project engineers of 34 deficiencies in the plans and specifications. Shortly thereafter petitioners filed a complaint in Orange County Superior Court against Houston, MacDonald, Travelers Indemnity and Union Bank.

The first cause of action alleges Houston and MacDonald breached both the construction agreement and the plans and specifications agreement. The second cause of action alleges breach of warranty by Houston and MacDonald with reference to the plans and specifications agreement. The third cause of action asserts negligence by Houston and MacDonald in preparation of the plans. The fourth cause of action realleges the first cause of action and prays for recovery from Travelers under the surety bond. The fifth cause of action alleges misrepresentations by Houston and MacDonald that induced petitioners to enter into the construction agreement, and predicates alleged damages upon the misrepresentations. The sixth cause of action seeks declaratory relief from Houston, MacDonald, Travelers and Union Bank regarding sums of money already paid, and an interpretation of the termination clause of the contract. Petitioners ask $200,000 damages from Houston and MacDonald, and $150,000 damages from Travelers.

Houston and MacDonald petitioned the Orange County Superior Court for an order directing arbitration of the dispute raised by petitioners' complaint, pursuant to the arbitration clause in the construction agreement. The court, on November 6, 1964, ordered arbitration between petitioners and Houston and MacDonald, and stayed all other proceedings.

Meanwhile, a number of mechanics lienholders filed actions in the Los Angeles County Superior Court to foreclose liens on the property. Petitioners filed a cross-complaint as to each mechanics' lien action, alleging 11 causes of action, the first six of which are identical to those in the complaint in the Orange County action. The seventh, eighth, ninth, tenth and eleventh causes of action raise new matter not covered by the issues in

the Orange County case, and name a number of new cross-defendants who are not parties defendant in the Orange County action.

The Los Angeles County Superior Court, on its own motion, stayed all proceedings "until releases are obtained in Orange County cases." Thereafter one mechanics' lien action, Flannagan's, was severed and the parties ordered to proceed as to that one action.

Petitioners seek to have the stay orders vacated in both Orange and Los Angeles Counties, and also to have the order directing arbitration in Orange County set aside. However, petitioners have not requested severance of issues or parties in either the Orange County or the Los Angeles County action.

 Since we conclude, for reasons set forth below, that the petition must be denied on its merits, we overrule the demurrers to the petition without comment other than to point out that (i) petitioners have alleged an abuse of discretion by both the Orange County and the Los Angeles County Superior Courts; (ii) although mandate will not lie to compel a trial court to exercise its discretion, once discretion is exercised mandate will lie to remedy an abuse thereof (*State Farm etc. Ins. Co.* v. *Superior Court,* 47 Cal.2d 428, 432 [304 P.2d 13]; *Hays* v. *Superior Court,* 16 Cal.2d 260, 265 [105 P.2d 975]; *Gromeeko* v. *Superior Court,* 114 Cal.App.2d 754, 757 [251 P.2d 29]; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, p. 2530, 1965 Supp. p. 985); (iii) mandamus will lie to correct a nonappealable order compelling arbitration and staying proceedings. (*Bertero* v. *Superior Court,* 216 Cal.App.2d 213, 222 [30 Cal.Rptr. 719].)

In determining whether there has been an abuse of discretion, we take up, first, the proceeding in the Orange County Superior Court. Houston and MacDonald, defendants therein, countered petitioners' complaint with a petition for arbitration in accordance with the arbitration clause in the construction agreement, which reads: "Should any disputes arise with respect to the true construction and meaning of this contract, the drawings or specifications or compliance therewith, or the value of any work added or 'deleted, the same shall be determined by arbitration which shall be conducted as follows:

"Contractor and Owner each shall appoint one person to hear and determine the dispute and if they shall be unable to agree, then the two persons so chosen shall select a third impartial arbitrator whose decision shall be final and conclu-

sive upon both parties hereto. The cost of such arbitration shall be borne by the losing party or in such proportions as the arbitrator shall decide.''

Since the complaint states causes of action against defendants not parties to the construction contract, and also raises issues predicated on the financing agreement which is not encompassed by the arbitration provision, the question arises whether the court abused its discretion in staying all proceedings. ■ Code of Civil Procedure section 1281.4 seems broad enough to vest the court with authority to stay ''the action or proceeding'' as to all issues, as to all causes of action, and as to all parties, until arbitration is concluded or such earlier time as the court specifies. It is possible, of course, that such a broad application of the statute might result in prejudice to a litigant in multiple issue or multiple party actions if all proceedings are brought to a standstill pending arbitration of issues that may be collateral. To prevent this result, the concluding paragraph of section 1281.4 vests the trial court with discretion to sever issues by providing: ''If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only.''

Use of the word ''may'' in the exercise of the power of severance clearly denotes a discretionary power.

■ The record discloses no motion by petitioners for severance as to issues or parties, and consequently reflects no abuse of discretion by the stay order. Petitioners did move the court to vacate its order for arbitration in its entirety, but this is quite different from a motion or petition requesting the court to exercise its discretion and sever issues to permit trial pending arbitration.

Absence of a complete record prevents us from considering petitioners' assertion that the trial court failed to define the issues submitted to arbitration. The trial judge ordered the parties to ''arbitrate the controversy now existing between them and as is described in the Petition for Arbitration herein in accordance with the terms of the aforementioned contract.'' Since the petition for arbitration has not been made a part of the record, we have no way of knowing what the court ordered arbitrated.

Petitioners point out that their complaint alleges a number of changes and additions were made to the plans and specifications. They assert the trial court, not the arbitrators, must determine which plans and specifications were final and binding on the parties. ■ We conclude the language of the

arbitration clause that: "Should any disputes arise with respect to the true construction and meaning of . . . the drawings or specifications or compliance therewith . . . ," is broad enough to include the question of which plans and specifications were final and binding as between the parties.

In *O'Malley* v. *Wilshire Oil Co.*, 59 Cal.2d 482, at page 487 [30 Cal.Rptr. 452, 381 P.2d 188], it is said: " '. . . Doubts as to whether the arbitration clause applies are to be resolved in favor of coverage. The parties have contracted for the arbitrator's decision and not for that of the courts.' "

Although the foregoing language was used in discussing a collective bargaining agreement, the principle is applicable to the arbitration clause in the instant case.

"The California courts have held that, where the existence of an arbitration contract is admitted or found, it is for arbitrators and not the courts to resolve any doubts as to its meaning and extent. . . ." (*Berman* v. *Renart Sportswear Corp.*, 222 Cal.App.2d 385, at p. 388 [35 Cal.Rptr. 218].)

Petitioners argue, with some warmth, that the court abused its discretion in ordering arbitration to proceed in the face of their fifth cause of action alleging fraud in the inducement by Houston and MacDonald. The substance of the allegation is that Houston and MacDonald made certain representations as to the adequacy of plans and specifications to be prepared for a 205-bed convalescent hospital, that petitioners relied on the representations, that the plans and specifications provided by Houston and MacDonald were inadequate, that the representations were false, all to petitioners' damage in the sum of $150,000 general damages and $50,000 punitive damages.

Having in mind the general principles of contract law, it appears clear enough that had petitioners rescinded the contract upon the ground of fraud, the trial court would have been under a duty to determine the issue of fraud before directing arbitration. As Professor Corbin points out (6A Corbin on Contracts, § 1444, p. 446), an alleged defect which is ground for attacking a bargaining transaction as void or voidable, affects the provision for arbitration just as much as it affects the other provisions.

The critical fact here is that petitioners have not alleged a rescission, they have not alleged the contract is void or even voidable; rather, they affirm the contract and plead damages because of the failure of Houston and MacDonald to live up to its terms. It is well established that: "An action for

damages is based on an affirmance of the contract; an action for rescission on a disaffirmance thereof. [Citations.] The two remedies are mutually inconsistent, although damages may be prayed for in the event rescission cannot be had." (*Davis* v. *Rite-Lite Sales Co.*, 8 Cal.2d 675, 678-679 [67 P.2d 1039].)

Since petitioners have neither rescinded the contract nor pleaded a disaffirmance, they are in no position to argue that the trial court abused its discretion in not treating their fifth cause of action as an attack upon the validity of the agreement and, a priori, the arbitration provision.

Petitioners complain that the arbitration has been at a standstill for months because the two arbitrators have disagreed on certain matters and neither will agree to the other's choice of a third arbitrator. Code of Civil Procedure section 1281.6 was designed to remedy just such an impasse by providing that on petition of either party the court shall appoint a neutral arbitrator. The section also delineates the method for accomplishing this end.

In turning to the Los Angeles County case, we point out that Code of Civil Procedure section 1281.4 authorizes a court in one county to stay proceedings in an action before it if an issue involved is the subject of an order for arbitration pending and undetermined in an action in another county.

Taking up, first, the mechanics and materialmen's lien actions, we were advised at oral argument that all except that of Flannagan have been settled. We find no abuse of discretion in permitting Flannagan to proceed with his action, since the final paragraph of section 1281.4 specifically vests the trial court with authority to sever issues. Nor should an owner be permitted to frustrate the purpose of the mechanics lien law by filing a cross-complaint raising issues not pertinent to the claim of lien or bringing in parties as cross-defendants who are in no way concerned with the lien claim.

Petitioners contend that the same principle applies to the converse situation, that is, they should be allowed to pursue issues raised by their cross-complaint that are not within the subject matter of the Orange County action. We find no quarrel with their reasoning, as section 1281.4 provides for severance in proper cases. But the record reflects no motion by petitioners for a severance or separation as to issues and parties; rather, petitioners attack each stay order in its entirety.

Since we conclude that the Orange County Superior Court did not err by ordering arbitration, petitioners must, in each action, seek to have the issues they contend are not within the purview of arbitration severed from the stay order, before either trial court can be said to have exercised its discretion, let alone abused it.

The writ is denied.

Conley, P. J., and Brown (R.M.), J., concurred.