[Civ. No. 688.    Fifth Dist.    July 25, 1966.]

GORDON W. COOK et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; HOUSTON-CALIFORNIA INVESTMENT CORPORATION et al., Real Parties in Interest.

Leon J. Garrie for Petitioners.

No appearance for Respondents.

Murray M. Chotiner, P. J. Bonin, Edmond Gattone, Loeb & Loeb and Darryl A. Hart for Real Parties in Interest.

STONE, J.—This is the second time petitioners have been before this court seeking either a writ of mandate or of prohibition or of certiorari concerning actions filed in Orange County and Los Angeles County. The controversy began with the execution of three contracts, (1) Plans and Specifications Agreement, (2) Construction Agreement, and (3) Financing Agreement, between petitioners and respondents Houston-California Investment Corporation and MacDonald Construction Company, for the construction of a convalescent hospital in Signal

Hill, Los Angeles County. Differences between the parties soon followed the signing of the three agreements, and actions were filed in Orange and Los Angeles Counties.

Petitioners, Cook and Young, first filed an action in Orange County, to which respondents Houston and MacDonald countered with a petition for an order directing arbitration pursuant to an arbitration clause in the construction agreement. The petition for arbitration was granted, arbitration was ordered, and all other proceedings were stayed. Thereafter several mechanics' lien actions were filed in Los Angeles County, and petitioners filed cross-complaints in each one incorporating, among other matters, the allegations contained in their complaint in the Orange County action. They thereafter obtained an order dismissing their action in Orange County, but respondents were successful in having the dismissal set aside. The Los Angeles County Superior Court stayed all proceedings in that county, with the exception of one mechanics' lien foreclosure action pending disposition of the Orange County case.

Petitioners then sought a writ setting aside the stay orders in both counties and setting aside the order for arbitration. Following a hearing on an order to show cause why a writ should not issue, we held that the Orange County Superior Court did not abuse its discretion in ordering arbitration, and that ''petitioners must, in each action, seek to have the issues they contend are not within the purview of arbitration severed from the stay order, before either trial court can be said to have exercised its discretion, let alone abused it.'' (*Cook* v. *Superior Court,* 240 Cal.App.2d 880, 888 [50 Cal.Rptr. 81].)

However, petitioners took a different tack; they returned to the Orange County Superior Court and moved for permission to file an amended and supplemental complaint embodying all of the issues and joining all parties within the scope of their Los Angeles County cross-complaints. They also added issues and parties beyond the scope of the cross-complaints in Los Angeles County. At the same time, petitioners moved to have the arbitration proceedings in Orange County terminated or dismissed as moot, relying in part upon the allegations of their proposed amended and supplemental complaint. The Orange County court denied petitioners' motion to file the amended and supplemental complaint, and ordered the arbitration to proceed.

Thereupon petitioners filed this proceeding, seeking an extra-

ordinary writ, either prohibition, mandate or certiorari, to compel the Orange County Superior Court to permit them to file an amended and supplemental complaint, to restrain the Orange County court from enforcing its arbitration order, to compel the Orange County·court to make its order severing issues and parties not subject to arbitration from issues and parties subject to arbitration, and to compel the Orange County court to ''accept all further proceedings leading up to the trial of the Orange County action.''

At the outset, counsel for petitioners explained that his objective in filing an amended complaint and supplemental complaint was to place before a single court all issues related to the transaction or transactions which have given rise to the various pleadings filed in both Orange County and Los Angeles County. Counsel represented that if permitted to file the amended and supplemental complaints he will dismiss the Los Angeles County cross-complaints and proceed to have all matters disposed of in the Orange County action.

We have no quarrel with that objective insofar as it seeks to avoid piecemeal litigation in two counties, since many issues, perhaps most issues, in the two actions are interrelated and could be more efficiently and effectively tried in a single proceeding. This would also eliminate the possibility of conflicting results from the same transaction in different superior courts and perhaps in the District Courts of Appeal since Orange County is in the Fourth Appellate District and Los Angeles is in the Second Appellate District. ■ However, it is within the discretion of the Orange County Superior Court to determine how this shall be accomplished. Whether to permit the filing of an amended and supplemental complaint, thus bringing new issues and new parties in the pending action which has been stayed pending arbitration, or to require that petitioners get these matters before the court by filing a new complaint and after the issues are joined move for consolidation for trial, is a matter that rests in the sound judgment of the trial judge.

In the absence of a showing of an abuse of discretion, we find no ground for requiring the trial court to permit the filing of an amended and supplemental complaint in the pending action.

Petitioners' contention that the order for arbitration no longer serves a useful purpose is predicated largely upon matters alleged in the amended and supplemental complaint. As we have refused to interfere with the trial court's order deny-

ing petitioners permission to file said complaint in the arbitration action, we have no basis for holding that the need for arbitration no longer exists.

We deny the petition for a writ of prohibition or writ of mandate or other writ. The temporary restraining order is dissolved.

Conley, P. J., and McMurray, J. pro tem.,* concurred.

_____

*Assigned by the Chairman of the Judicial Council.