Filed 8/21/24  Lara v. Dreyer's Grand Ice Cream CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MARIO LARA,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DREYER'S GRAND ICE CREAM, Inc., et al.,<br><br>     Defendants and Appellants. | A167881<br><br>(Alameda County<br>Super. Ct. No. 22CV024868) |

Respondent Mario Lara brought this action under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.; "Private Attorneys General Act" or "the Act"), alleging his employers, manufacturers and retailers of ice cream, violated California's wage and hour laws and other provisions of the Labor Code.  Lara raises claims in his individual capacity, seeking remedies for violations committed against himself, as well as in a representative capacity, as an agent for the State of California seeking to enforce the rights of other employees.  After Lara's employers, appellants Dreyer's Grand Ice Cream, Inc., Dreyer's Grand Ice Cream Holdings, Inc., and Froneri US, Inc. (collectively "Dreyer's"), moved for an order compelling arbitration of Lara's individual claims and a stay of the entire action pending litigation, the trial court ordered arbitration but denied a stay of the remaining claims, which were nonarbitrable. Dreyer's now seeks to appeal from the order denying the stay,

arguing that a stay of nonarbitrable claims pending arbitration is mandatory as a matter of law.

Although the denial of a stay pending arbitration is a nonappealable interlocutory order, we exercise our discretion to treat Dreyer's appeal as a petition for an extraordinary writ. On the merits, we disagree that a stay is mandatory in these circumstances, but we remand the case to allow the trial court an opportunity, in light of intervening case law, to exercise its discretion whether to stay Lara's nonarbitrable claims under Code of Civil Procedure section 1281.4.[1]

## BACKGROUND

### A.

Prior to the Private Attorneys General Act, the Labor Code was poorly enforced, largely due to ineffective remedies and limited enforcement capacity. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1116 (*Adolph*).) To address the problem, the Act established new civil penalties and authorized aggrieved employees to recover penalties, acting as private attorneys general on behalf of the state. (*Ibid.*; *see* Lab. Code, § 2699.) An employee who sues under the Act functions as an agent of the state—the real party in interest—and may seek any civil penalties that the state can seek. (*Adolph*, at pp. 1116-1117.) When employees recover penalties, the state receives most of the recovery. (*Id.*, at p. 1116; *see also* Lab. Code, § 2699, former subd. (i).)[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The Legislature recently passed amendments to the Act that took effect July 1, 2024, and generally apply to actions filed on or after June 19, 2024. (*See* Lab. Code, § 2699, subds. (v)(1)-(2); Stats. 2024, ch. 44, § 1 [enacting Assembly Bill No. 2288, effective Jul. 1, 2024]; *id.*, ch. 45, § 1 [enacting Senate Bill No. 92,

As relevant here, to have standing to bring an action as an "aggrieved employee" under the Act, the plaintiff must have been employed by the employer and suffered at least one Labor Code violation by the employer. (*See Adolph, supra,* 14 Cal.5th at pp. 1116, 1120-1121; Lab. Code, § 2699, former subd. (c).) Accordingly, so long as the plaintiff has standing based on one Labor Code violation, the plaintiff, as an agent of the state, may also prosecute Labor Code violations sustained by other employees of the same employer but not personally sustained by the plaintiff. (*See Adolph*, at p. 1122; *see also Estrada v. Royalty Carpet Mills, Inc.* (2024) 15 Cal.5th 582, 599 (*Estrada*).) We will refer to a plaintiff's personal claims under the Act as individual claims and a plaintiff's representative claims on behalf of other employees as non-individual claims. (*See Adolph*, at pp. 1117-1118; *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, 648-649 (*Viking River*).)

## B.

This case concerns the question what should happen to Lara's non-individual claims given that his individual claims have been sent to arbitration. As background, we briefly discuss a triad of arbitration cases concerning the interaction between federal and state law in the context of claims under the Act.

In *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), overruled on other grounds by *Quach v. California Com. Club, Inc.* (2024) ___ Cal.App.5th ___ [551 P.3d 1123], our Supreme Court considered an agreement that, in the course of providing for arbitration of an employee's individual claims, purported to categorically waive an employee's ability to bring non-individual claims under the Act. *Iskanian* held the waiver unenforceable because it violated public policy and

effective Jul. 1, 2024].) This opinion addresses the former version of the Act, applicable to the action in this case.

undermined the Act.  (*Id.* at p. 384; *see also Adolph*, *supra,* 14 Cal.5th at pp. 1117-1118 (discussing *Iskanian*).)  After *Iskanian*, several Courts of Appeal held that individual and non-individual claims under the Act could not be split into bifurcated proceedings.  (*See Adolph*, at p. 1118 (citing cases).)

In *Viking River*, the United States Supreme Court held that a rule against bifurcated proceedings for individual and non-individual claims under the Act frustrates the Federal Arbitration Act by defeating the parties' ability to contractually determine which claims are subject to arbitration and which are not.  (*Viking River, supra,* 596 U.S. at pp. 660-662; *see also Adolph*, *supra,* 14 Cal.5th at pp. 1118-1119 (discussing *Viking River*).)  As a result, *Viking River* concluded, the Federal Arbitration Act preempts the rule of *Iskanian* to the extent it prevents enforcement of an agreement to arbitrate individual claims under the Act.  (*Viking River*, at pp. 660-662.)  *Viking River* also held that the Act does not allow a plaintiff whose individual claims have been sent to arbitration to maintain a suit in court based only on non-individual claims.  (*Id.* at pp. 662-663.)  Instead, *Viking River* held, a plaintiff whose individual claims have been sent to arbitration no longer has standing under the Act to advance non-individual claims in court, and the non-individual claims must therefore be dismissed.  (*Ibid*.)  *Viking River* did not disturb *Iskanian's* determination that wholesale waivers of claims under the Act are invalid.  (*See id.* at p. 662.)

*Adolph* subsequently considered the standing question—a matter of state law—addressed in *Viking River* and reached the opposite conclusion.  Our Supreme Court held that once a court has ordered arbitration of an employee's individual claims under the Act, the employee retains standing to pursue non-individual claims in court.  (*Adolph, supra,* 14 Cal.5th at pp. 1119-1123.)  *Adolph* explained that a plaintiff's allegations that the employer committed Labor Code violations against him suffice to confer

standing to bring an action under the Act, and the arbitration of the plaintiff's individual claim does not undermine that standing. (*Id*. at p. 1121.)  As a result, *Adolph* rejected the employer's argument that the plaintiff's non-individual claims had to be dismissed once the trial court ordered arbitration of the individual claims.  (*Id*. at pp. 1123-1124.)

## C.

Lara is an hourly employee at a Dreyer's facility in Bakersfield, where he earns $24 per hour as a machine operator. In his operative complaint, he asserted Private Attorneys General Act claims alleging that Dreyer's violated numerous Labor Code provisions.  He asserted these claims "on [b]ehalf of the State of California and [a]ggrieved [e]mployees."  Lara also separately raised individual and class-based claims under the Labor Code as well as a class-based unfair competition claim under Business and Professions Code section 17200, et seq.

In the trial court, Dreyer's filed a motion to compel arbitration of Lara's individual claims under the Act as well as his personal Labor Code claims.  Dreyer's relied on a pre-dispute arbitration agreement entered into by both parties applicable to any " 'Dispute' " between "You . . . and the Company . . . that arises out of, relates in any manner to, or has any relationship whatsoever with . . . Your seeking employment and/or . . . Your employment with the Company[.]"  The agreement also contained a clause specifying that if a "Dispute" involves arbitrable and nonarbitrable claims, "the Parties agree that the Arbitrable Claims will be resolved first in arbitration, and the non-arbitrable court claims will be severed and stayed for all purposes pending completion of arbitration."

Based on the arbitration agreement, Dreyer's sought an order compelling arbitration of Lara's individual claims under the Act and dismissal, without prejudice, of Lara's non-individual claims as well as his class-based claims; in the alternative,

Dreyer's sought to stay the non-individual claims. Lara stipulated to a stay of his individual claims and class claims pending arbitration, but he opposed the request to dismiss or stay the non-individual claims.

In May 2023, about two months before our Supreme Court issued its opinion in *Adolph*, the trial court granted the motion to compel arbitration of the individual claims and dismissed the class claims. The court denied the request to dismiss or stay Lara's non-individual claims. The court reasoned that notwithstanding *Viking River*, Lara's non-individual claims may proceed in court. Further, the court rejected Dreyer's argument that the arbitration agreement required a stay of the nonarbitrable claims pending arbitration, explaining that the "agreement only applies to plaintiff's own claims arising out of his employment, and not claims of the state in a [Private Attorneys General Act] representative action."

## DISCUSSION

### A.

Our threshold question is whether Dreyer's challenge to the trial court's interlocutory order denying a stay of the non-individual action is appealable. The right to appeal a trial court order exists when authorized by statute. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) We conclude that the stay order is not appealable, but we exercise our discretion to treat Dreyer's appeal as a petition for writ of mandate.

### 1.

Section 1294 specifies the types of orders appealable in arbitration cases, including the dismissal or denial of a petition to compel arbitration (§ 1294, subd. (a)); specified orders following the issuance of an arbitration award (*id.*, subds. (b)-(c)); and a judgment and related orders (*id.,* subds. (d)-(e)). Nothing in section 1294 addresses review of the stay order at issue here.

(*See J.H. Boyd Enterprises, Inc. v. Boyd* (2019) 39 Cal.App.5th 802, 811 (*Boyd*); *Berman v. Renart Sportswear Corp.* (1963) 222 Cal.App.2d 385, 388 (*Berman*).)

Dreyer's contends that the denial of the stay is appealable under section 1294, subdivision (a)—which provides for review of an order dismissing or denying an arbitration request—because it was a determination that a portion of the arbitration agreement was unenforceable. In effect, Dreyer's argues, the trial court refused to enforce the portion of the arbitration agreement providing that, should the court order arbitration of the individual claims, the remaining claims should be "severed and stayed." Dreyer's argument is that the trial court's refusal to enforce the "sever and stay" clause of the arbitration agreement is appealable under section 1294, subdivision (a) because it is the functional equivalent of an order denying arbitration.

Dreyer's cites *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 655 (*MKJA*), but that case is unavailing. *MKJA* involved an arbitration agreement that resulted in an arbitration requiring fees the plaintiffs were unable to afford. (*Id*. at p. 652.) The trial court in *MKJA* determined that the arbitration agreement was unenforceable or unconscionable and lifted a stay of the litigation. (*Id*. at pp. 652-653.) *MKJA* reasoned that the trial court's ruling was functionally equivalent to an order denying arbitration because it forced the defendants to litigate the claims they sought to arbitrate, so the ruling was appealable under section 1294, subdivision (a). (*MKJA,* at p. 655.) In contrast, here, the trial court issued an order compelling arbitration and the parties stipulated to a stay of the arbitrable claims. Under these circumstances, the trial court's refusal to stay the nonarbitrable claims was not the functional equivalent of an order denying arbitration. (*See Gastelum v. Remax Internat., Inc.* (2016) 244 Cal.App.4th 1016, 1023.) The stay denial is not an appealable

order under section 1294, subdivision (a).  (*See Boyd, supra,* 39 Cal.App.5th at p. 811; *Berman, supra,* 222 Cal.App.2d at p. 388.)

Nor does section 1294.2 authorize Dreyer's appeal from the stay order.  That provision authorizes ancillary appellate jurisdiction over orders that affect arbitration orders appealable under section 1294.  (*Boyd, supra,* 39 Cal.App.5th at p. 811.)  For the court to exercise such jurisdiction, the ancillary order must be related to an order that has been appealed under section 1294.  (*See* § 1294.2; *Boyd*, at p. 813.)  Section 1294.2 provides that "[u]pon an appeal from any order or judgment under this title, the court may review the decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party."

Thus, in an appeal from an order *denying* a petition to compel arbitration—an appealable order under section 1294, subdivision (a)—the appellate court may exercise ancillary jurisdiction to review the trial court's related denial of a request to stay its proceedings pending arbitration.  (*See Boyd, supra,* 39 Cal.App.5th at p. 811; *MKJA, supra,* 191 Cal.App.4th at p. 655; *Berman, supra,* 222 Cal.App.2d at p. 388.)  But here the order denying a stay is the only order from which Dreyer's seeks to appeal.  Section 1294 does not authorize appeal from the trial court's order *compelling* arbitration (*see* § 1294; *Jarboe v. Hanlees Auto Group* (2020) 53 Cal.App.5th 539, 558 (*Jarboe*)), and there is no other appealable order or judgment to which ancillary jurisdiction under section 1294.2 may attach.

**2.**

Although Dreyer's cannot appeal the denial of its stay request, we will exercise our discretion to treat the appeal as a petition for an extraordinary writ.  (*See Olson v. Cory* (1983) 35 Cal.3d 390, 400-401.)

We agree with Dreyer's that the question whether and to what extent the trial court has discretion to decline to stay a non-individual claim under the Act pending arbitration of an individual claim is one that will benefit from immediate review. The issue concerns a matter of public importance, as it bears on private parties' ability to timely challenge, in a representative capacity, employers' potential violations of law under the Act. (*Baeza v. Superior Court* (2011) 201 Cal.App.4th 1214, 1221-1222.)[3]

We therefore proceed to the merits of Dreyer's challenge.

## B.

Dreyer's argues that the trial court erred in denying its request for a stay of the nonarbitrable claims. We generally review a trial court's decision whether to issue a stay of litigation pending arbitration for abuse of discretion. (*See Jarboe, supra,* 53 Cal.App.5th at p. 547; *Leenay v. Superior Court* (2022) 81 Cal.App.5th 553, 562 (*Leenay*).) To the extent the decision involves a question of law, our review is de novo. (*Leenay*, at p. 562.)

## 1.

### Sever and Stay Clause

Dreyer's contends that the arbitration agreement requires the non-individual claims to be stayed pending arbitration of the individual claims. We apply principles of California contract law

---

[3] The interest in this issue may be substantially less in view of amendments to the Act that narrowed the standing provisions while this appeal was pending. (*See* Lab. Code, § 2699, subd. (c)(1), as amended by Stats. 2024, ch. 44, § 1; *see also* fn. 2, *ante*.) Nevertheless, writ review is also proper because of the unusual circumstances and the fact that the question would be effectively unreviewable. (*See Baeza v. Superior Court, supra*, 201 Cal.App.4th at p. 1221.)

to interpret the agreement and give the words in the contract their ordinary meaning.  (*See Vaughn v. Tesla, Inc.* (2023) 87 Cal.App.5th 208, 219.)

Dreyer's relies on language in the arbitration agreement providing that: "[i]f it is determined that a Dispute involves some claims that are arbitrable and other claims that are not arbitrable (i.e. claims that must be brought in court), the Parties agree that the Arbitrable Claims will be resolved first in arbitration, and the non-arbitrable court claims will be severed and stayed for all purposes pending completion of arbitration."

Lara asserts, however, that the trial court correctly held that this "sever and stay" provision of the arbitration agreement does not apply to his non-individual PAGA claims because such claims do not involve a dispute between Lara and his employer arising out of his employment.  We agree.

As the trial court noted, language in the agreement specifies that a "Dispute" is:  "any claim, count, complaint, grievance, cause of action, and/or controversy of any nature . . . between You (and Your heirs, successors, and assigns) and the Company (and its owners, officers, directors, employees, agents, successors, parents, subsidiaries, affiliates and assigns) that arises out of, relates in any manner to, or has any relationship whatsoever with, (1) Your seeking employment and/or (2) Your employment with the Company (including the termination of Your employment) that each Party may have against the other, including, but not limited to, any Dispute arising out of, or related to, this Agreement, whether arising under any local, state, federal or international law, whether arising in part, by contract, or under the common law, whether arising by statute, regulation, ordinance or any other law of any kind or type[.]"

Applying this understanding of a "Dispute" here, Lara's non-individual claims relate to neither his application for employment nor his employment with the company.

As discussed, the Private Attorneys General Act authorizes employees to bring "individual claims," which seek a remedy for violations sustained personally by the plaintiff employee. (*See Adolph*, *supra,* 14 Cal.5th at p. 1114; *Viking River*, *supra,* 596 U.S. at p. 648; *Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 127; *Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281, 1287.)  Lara's individual claims arise out of his employment, as they could not have been brought had he not been employed by Dreyer's, and so are subject to arbitration pursuant to the trial court's order. (*See Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639, 648-649, 655 (*Galarsa*).)  In contrast, as *Adolph* held, "non-individual '[Private Attorneys General Act] claims aris[e] out of events involving other employees.' " (*Adolph*, at p. 1119, quoting *Viking River*, at pp. 648-649.)  Indeed, as Dreyer's opening brief acknowledges, non-individual claims under the Act are "assert[ed] on behalf of other employees."  Lara's employment is not a but-for cause of the non-individual claims because those claims exist independently from that employment.  If Lara were unable to continue prosecuting the state's claims against Dreyer's, for example, another aggrieved employee could be substituted in his place. (*See, e.g.*, *Hutcheson v. Superior Court* (2022) 74 Cal.App.5th 932, 941 (*Hutcheson*).)

Dreyer's points to language in *Viking River* holding that, for purposes of determining whether an arbitration agreement is covered by the Federal Arbitration Act, Private Attorneys General Act claims arise out of the employer and the employee's contractual relationship. (*See Viking River*, *supra,* 596 U.S. at p. 652, fn. 4; *see also Barrera v. Apple American Group LLC* (2023) 95 Cal.App.5th 63, 85 (*Barrera*).)  Dreyer's contends that "*Viking River* expressly rejected *Iskanian's* view of" claims under the Act as involving only the State of California and the employer, rather than the plaintiff employee and the employer.  But *Viking River* elsewhere defines non-individual claims under the Act as "arising

out of events involving other employees." (*Viking River*, at pp. 648-649.)  And *Viking River* confirms that non-individual claims "involve the rights of only the absent real party in interest [i.e., the State of California] and the defendant." (*See id.* at p. 658.) Relying on *Viking River*, *Adolph* re-affirms that a non-individual claim arises out of the employment of *other* employees.  (*Adolph*, *supra,* 14 Cal.5th at p. 1119, citing *Viking River*, at pp. 648-649.) And more recently, our Supreme Court reiterated that Private Attorneys General Act "actions do not adjudicate individually held claims." (*Estrada*, *supra,* 15 Cal.5th at p. 599.)

Subsequent to *Viking River*, *Galarsa* considered language in an arbitration agreement referring to disputes "arising out of the employee's employment," holding that it did not cover non-individual claims under the Act because such claims "arise out of other employee's employment." (*Galarsa, supra,* 88 Cal.App.5th at pp. 650-651.)

We agree with *Galarsa*'s analysis.  Because Lara's non-individual claims seek to enforce the rights of other Dreyer's employees, the claims do not arise out of or relate to *Lara's* employment (*see Galarsa*, *supra,* 88 Cal.App.5th at pp. 650-651; *Viking River*, *supra,* 596 U.S. at pp. 648-649; *Adolph*, *supra,* 14 Cal.5th at p. 1119), and therefore are not a "Dispute" for purposes of the "sever and stay clause" of the arbitration agreement. Accordingly, the trial court correctly concluded that the sever and stay clause does not apply to Lara's non-individual claims under the Act.

## 2.

## The Federal Arbitration Act

Dreyer's next contends that the Federal Arbitration Act mandates a stay of Lara's non-individual claims pending the arbitration of his other claims.  Not so.

Dreyer's relies on 9 U.S.C. § 3, which provides that: "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had[.]"

By its own terms, 9 U.S.C. § 3 is directed not to state courts but to " 'the courts of the United States.' " (*See Cronus Investments Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 389 (*Cronus*); *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 407-408; *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.* (1989) 489 U.S. 468, 477, fn. 6 (*Volt*).) As a result, the Federal Arbitration Act's procedural rules are not binding on state courts so long as state procedures do not undermine the rights granted by the federal law. (*Cronus*, at p. 390; *see also Volt*, at p. 477, fn. 6; *Southland Corp. v. Keating* (1984) 465 U.S. 1, 16, fn. 10.) Thus, in cases brought in California courts to compel arbitration, the default rule is that state procedural rules apply. (*Cronus*, at p. 390; *Keeton v. Tesla, Inc.* (2024) 103 Cal.App.5th 26, 37-38 (*Keeton*); *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 174 (*Valencia*).) Although the parties to an arbitration agreement are free to contract around the default, the question whether litigation should be stayed pending arbitration is a procedural one that is ordinarily subject to California rules. (*See Valencia*, at p. 174.)

In its reply brief, Dreyer's argues for the first time that the arbitration agreement contained choice-of-law language evincing the parties' intent that the Federal Arbitration Act's procedural rules control. Because Dreyer's presented this argument neither in trial court nor in its opening brief on appeal, we will not consider it here. (*See Long v. Forty Niners Football Co., LLC*

(2019) 33 Cal.App.5th 550, 557; *Nakai v. Friendship House Assn. of American Indians, Inc* (2017) 15 Cal.App.5th 32, 44, fn. 6 (*Nakai*).)

Dreyer's also contends that federal preemption principles require a stay of Lara's non-individual claims. Dreyer's did not present this argument to the trial court either, so the court did not have an opportunity to pass on it. (*See Nakai, supra,* 15 Cal.App.5th at p. 44, fn. 6.) Further, Dreyer's fails to articulate whether it is asserting a theory of express preemption, field preemption, or conflict preemption, each of which is subject to different legal standards and none of which are discussed in Dreyer's briefing. (*See, e.g. Keeton, supra,* 103 Cal.App.5th at p. 34 (discussing the different federal preemption doctrines).) Nor does Dreyer's identify what state law it believes is preempted by the Federal Arbitration Act. To the contrary, Dreyer's affirmatively argues that "California law is consistent with the [Federal Arbitration Act] on the issue of the stay." Because Dreyer's asserted this theory for the first time on appeal and failed to support it with reasoned argument and authority, it has forfeited the argument. (*See Temple of 1001 Buddhas v. City of Fremont* (2024) 100 Cal.App.5th 456, 483; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *Nakai,* at p. 44, fn. 6.)

### 3.

### Code of Civil Procedure section 1281.4

Dreyer's next asserts that the trial court's denial of the stay was erroneous in light of the stay provision of the California Arbitration Act (§ 1280 et seq.). Here, Lara stipulated to a stay of his individual claims, so the only question is whether the trial court was required also to issue a stay of the non-individual claims, which are not subject to arbitration. Dreyer's central contention is that because the question whether Lara is an aggrieved employee is an issue common to both individual and

non-individual claims under the Private Attorneys General Act, a stay of the non-individual claims is required under section 1281.4. We hold that in a Private Attorneys General Act case involving both individual claims (which are arbitrable) and nonindividual claims (which are not), section 1281.4 vests the trial court with discretion to determine whether to stay the nonindividual claims pending arbitration.

**a.**

Section 1281.4 provides that when a court "has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court . . . shall . . . stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

Section 1280, subdivision (d), defines " '[c]ontroversy' " as "any question arising between parties to an agreement whether the question is one of law or of fact or both." When the issue involves one "arising between [the] parties" to the arbitration agreement (§ 1280, subd. (d)), a single overlapping question warrants a stay. (*Mattson Technology Inc. v. Applied Materials, Inc.* (2023) 96 Cal.App.5th 1149, 1161 (*Mattson*); *Heritage Provider Network, Inc. v. Superior Court* (2008) 158 Cal.App.4th 1146, 1152-1153 (*Heritage Provider Network*).)

If the circumstances specified in section 1281.4 are met, a stay pending arbitration is mandatory. (*See Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1096; *Mattson, supra,* 96 Cal.App.5th at p. 1161.) When the action also involves nonarbitrable issues, however, the court need not stay the entire action. (§ 1281.4.) The final sentence of section 1281.4 vests trial courts with discretion to stay all or only part of an action that includes nonarbitrable issues: "If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only." (*See also Adolph, supra,* 14

Cal.5th at pp. 1124-1125; *Cruz v. PacifiCare Health Systems Inc.* (2003) 30 Cal.4th 303, 320 (*Cruz*); *Mattson*, at p. 1161; *Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 55 (*Dial 800*); *Cook v. Superior Court* (1966) 240 Cal.App.2d 880, 885 (*Cook*).) As the use of the word "may" indicates, the issuance of a stay under the final sentence in section 1281.4 is entrusted to the trial court's discretion. (*See Cook,* at p. 885; *see also, e.g.*, *Cruz*, at p. 320; *Mattson*, at p. 1161; *Dial 800,* at p. 55.) Should the party seeking severance establish that the issues are severable, the court may, in appropriate circumstances, allow the nonarbitrable issues to proceed in court. (*Adolph*, at pp. 1124-1125; *Mattson*, at p. 1161.)

Section 1281.4's grant of discretion as to whether to stay litigation of nonarbitrable issues reflects competing considerations. A stay may be needed to protect the arbitrator's jurisdiction and reduce the risk of conflicting rulings on common legal or factual questions. (*See Mattson*, *supra,* 96 Cal.App.5th at p. 1161; *Cronus*, *supra,* 35 Cal.4th at p. 393.) Continuing the litigation could potentially disrupt or undermine the arbitration. (*Cruz*, *supra,* 30 Cal.4th at p. 320; *Aronow v. Superior Court* (2022) 76 Cal.App.5th 865, 882.) At the same time, the grant of discretion in section 1281.4 reflects a recognition that in cases involving both arbitrable and nonarbitrable issues, unnecessary prejudice may result if the entire case is brought to a "standstill pending arbitration of issues that may be collateral." (*Cook*, *supra,* 240 Cal.App.2d at p. 885.) Particularly where, as here, the claims in question seek to vindicate important public interests, a blanket stay could have deleterious effects. Delaying litigation of the non-individual claims under the Act could, for example, needlessly permit an employer to continue unlawful employment practices, or result in lost or stale evidence relevant to the litigation but not the arbitration. Such results would undermine the Act's overall purpose of augmenting the state's ability to vigorously enforce the Labor Code and protecting employees from

violations of their workplace rights.  (*See Adolph*, *supra,* 14 Cal.5th at pp. 1122-1123.)

Thus, under section 1281.4, the trial court retains discretion to decide whether to stay the nonarbitrable, non-individual claims in a Private Attorneys General Act case. Whether a stay is appropriate depends on the nature and extent of any overlap between the nonarbitrable issues and the arbitrable ones.  (*See, e.g.*, *Dial 800*, *supra,* 118 Cal.App.4th at p. 55; *see also Mattson*, *supra,* 96 Cal.App.5th at p. 1162.)  A stay of nonarbitrable claims pending arbitration is generally appropriate if the overlap is such that continuation of the litigation would disrupt the arbitration or render it ineffective.  (*See Cruz, supra,* 30 Cal.4th at p. 320; *Sanchez v. Carmax Auto Superstores California, LLC* (2014) 224 Cal.App.4th 398, 407.)

Contrary to Dreyer's contention, nothing in *Adolph* mandates a wholesale stay of non-individual claims under the Act in every case.  As *Adolph* suggests, to avoid relitigating issues common to both individual and non-individual claims, the trial court may exercise its discretion to stay the non-individual claims pending arbitration of the individual claims.  (*Adolph, supra,* 14 Cal.5th at p. 1124.)  Yet *Adolph* also confirms that where an action includes both arbitrable, individual claims and nonarbitrable, non-individual claims under the Act, the trial court ultimately retains "discretion to stay the non-individual claims pending the outcome of the arbitration pursuant to section 1281.4."  (*Id.* at p. 1123.)  And *Adolph* explains that under section 1281.4, individual and non-individual claims comprise a single action, "parts of which *may* be stayed pending completion of the arbitration."  (*Id.* at pp. 1124-1125 (italics added).)

Nor does *Adolph* support Dreyer's contention that a complete stay of the non-individual claims is necessarily required to prevent relitigation of the arbitrator's resolution of the question whether Lara is an aggrieved employee, for purposes of

establishing his standing to bring the non-individual claims. *Adolph* emphasized that standing under the Act is met at the outset of a case based on allegations alone. (*Adolph*, *supra*, 14 Cal.5th at p. 1121.) An employee's allegations that Labor Code violations were committed against that employee are sufficient to confer standing as an aggrieved employee to initiate such a suit. (*Ibid.*; *see, e.g., Seifu v. Lyft, Inc.* (2023) 89 Cal.App.5th 1129, 1141.) The Act's standing requirements are satisfied at the time the complaint is filed and afterward, even when parts of an action under the Act have been bifurcated into arbitral and judicial forums. (*Adolph*, at p. 1128.)

Under *Adolph*, given the existence of standing at the outset of the case, the trial court need not re-examine Lara's aggrieved employee status for the non-individual claims to proceed; indeed, under the trial court's order and the parties' stipulation to a stay of the individual claims here, all questions pertaining to the individual claims—including aggrieved employee status—will be determined in arbitration. If the arbitrator determines that the plaintiff is not an aggrieved employee and that decision is confirmed in a final judgment, relitigation of the question is improper. (*See Adolph*, *supra*, 14 Cal.5th at p. 1123.) In the event of such an adverse award the plaintiff would lose standing for purposes of the non-individual claims. But as Lara correctly asserts, another employee could be substituted into the action to continue the non-individual claims, given that ultimately such claims belong to the state and not to any individual employee. (*See Hutcheson, supra,* 74 Cal.App.5th at p. 941.)

Because of the expansive nature of standing to bring non-individual claims under the Act (*Adolph*, *supra*, 14 Cal.5th at p. 1122), in some cases the substance of the non-individual claims may be independent of the individual claims personally suffered by the plaintiff that are subject to arbitration. To prevail on the merits of a nonindividual claim, after all, the plaintiff need only

establish that the employer violated the Labor Code as to *other* workers. (*See, e.g., Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533, 537-538 (holding that a plaintiff who did not assert individual claims nonetheless had standing to bring non-individual claims under the Act.).) On the other hand, where the plaintiff seeks to rely on allegations underpinning the individual claims—to be decided by the arbitrator in accordance with the parties' agreement—to establish liability as to the non-individual claims, a stay of the non-individual claims in their entirety may well be in order. In such a case, the litigation may pose a serious risk of disrupting the arbitration.

The Supreme Court has also recognized in other contexts that trial courts have the option of issuing partial stays as well as complete stays of the proceedings in a case. (*See Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 721, 724.) A partial stay may freeze some part or phase of a case, such as discovery, trial, or some other specific proceeding or phase. (*Id.* at pp. 721, 724, 726.) The impact of a partial stay may "vary from stay to stay and from case to case." (*Id.* at p. 726.) Thus, for example, a trial court may have the option of allowing discovery on non-individual claims to go forward pending arbitration while putting any trial on hold to prevent potential disruption of the arbitration.

In support of its argument that a stay is mandatory under section 1281.4, Dreyer's cites our decision in *Mattson*. There, we recognized that when the arbitrable issue is severable, the trial court has discretion to allow the nonarbitrable issues to go forward in court pending arbitration. (*Mattson, supra,* 96 Cal.App.5th at p. 1161.) We then held that the trial court abused that discretion in declining to stay litigation of nonarbitrable claims where the plaintiff relied on the same factual allegations to establish liability for both the arbitrable and the nonarbitrable claims. (*Id.*, at p. 1162.) As *Mattson* reflects, the extent and

nature of the overlap between nonarbitrable and arbitrable claims is a critical consideration in determining whether a stay of nonarbitrable claims is appropriate. Ultimately, *Mattson* reinforces that the answer to that question will depend on the specific circumstances of each case.

Dreyer's also relies on *Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947 (*Franco*), a pre-*Adolph* case holding that because the non-individual claims under the Act may overlap with the individual claims sent to arbitration, under section 1281.4 the trial court "must order an appropriate stay of trial court proceedings." (*Id.* at p. 966.) But *Franco* never questions the trial court's discretion to determine the scope of the stay. (*See, e.g.*, *Jarboe, supra,* 53 Cal.App.5th at p. 556.) To the contrary, *Franco* leaves the fashioning of an "appropriate" stay to the trial court's sound discretion. (*Franco*, at p. 966.) Similarly, *Heritage Provider Network* held that the trial court abused its discretion in declining to issue any stay at all pending arbitration, but left it to the trial court's discretion on remand to determine whether the stay should be limited to the overlapping issues under the final sentence in section 1281.4. (*Heritage Provider Network, supra,* 158 Cal.App.4th at p. 1154 & fn. 12.)

**b.**

Finally, Dreyer's asserts that the trial court abused its discretion under section 1281.4 in declining to stay the non-individual claims pending arbitration. But the trial court did not decline to issue a stay as an exercise of its discretion; the court did not address section 1281.4 at all. This was understandable, given that Dreyer's stay motion only briefly cited that section in support of the stay request, arguing that a stay was mandatory. There is no indication as to whether the court was aware of its discretion to grant a stay, in whole or in part, of the nonarbitrable, non-individual claims under the final sentence of section 1281.4. Further, the trial court did not have the benefit of

our Supreme Court's guidance in *Adolph*.  Under these circumstances, we remand the case to give the trial court an opportunity to exercise its discretion under section 1281.4 in the first instance.  (*Cf. Barrera, supra,* 95 Cal.App.5th at p. 95 (remanding where the trial court did not have the opportunity to rule on the propriety of a stay pending arbitration based on the reasons raised by the defendants on appeal.).)

## DISPOSITION

The purported appeal is dismissed.  Treating the appeal as a petition for extraordinary writ, the petition is granted.  The order denying a stay is vacated and the case is remanded with instructions for the trial court to exercise its discretion whether to stay in whole or in part the non-individual claims pursuant to the final sentence of Code of Civil Procedure section 1281.4.  Each party shall bear its own costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

BURNS, J.

WE CONCUR:

JACKSON, P. J.
SIMONS, J.

*Lara v. Dreyer's Grand Ice Cream, Inc., et al. (A167881)*